The People, *ex rel.* Adele M. Son, *vs.* William Miner, register of the city and county of New York.

Upon a certificate, executed and acknowledged by one of three mortgagees, which describes him as "acting executor of the estate of A. C. deceased," and states that the mortgage therein mentioned has been paid, and consents that the same be discharged of record, the register is not bound to discharge a mortgage given to the person executing the certificate and two others, as executors, where there is nothing to show the facts in respect to the origin of the mortgage, or the purpose for which it was made, or the persons interested therein, or for what purpose it was received or held by the mortgagees, or whether for their own benefit, or as trustees upon an express trust created by the will of their testator, or for any other purpose.

· And the register cannot be compelled, by mandamus, to discharge the mortgage upon such a certificate.

TO an alternative mandamus commanding him to satisfy of record the mortgage, hereinafter mentioned, or show cause &c., the register of New York made return, to which the relator demurred. By the papers it appeared that on the 28th day of May, 1856, there was recorded in the registor's office, a mortgage made by the relator to "David P. Cargill, Valentine Cargill and Robert Prince, executors of the last will and testament of Abraham Cargill deceased," to secure the payment of four thousand dollars, with interest, being part of the purchase money for the premises in such

mortgage described, which by deed executed at the same time with the mortgage, were conveyed by the mortgagees to the relator; that the relator afterwards presented to the register a certificate that said mortgage was paid, and a consent that the same be discharged of record, purporting to be made by "Robert Prince, acting executor of the estate of Abraham Cargill deceased," and subscribed "Robert Prince, executor of the estate of Ab'm Cargill, deceased," with a certificate of the acknowledgment thereof, and requested to have the same filed and recorded, and said mortgage satisfied of record; which request the register refused, and the court was now asked to compel by peremptory mandamus the satisfaction of said mortgage.

*Harris Wilson,* for the relator.

*R. H. Bowne,* for the respondent.

BONNEY, J. To obtain the writ of mandamus the applicant must show that it was the duty of the person against whom the writ is demanded to perform the act required of him, that he has been requested to perform such act, and has refused so to do. In this case a request and refusal to perform are shown; and the sole question is as to the duty of the register in the premises. The statute provides that a mortgage shall be discharged by the officer having the custody of the record, "whenever there shall be presented to him a certificate, signed by the mortgagee, his personal representatives or assigns, acknowledged or proved and certified, &c." (3 *R. S. 5th ed. p.* 57, § 60.) The only papers before the register in this case, upon which he was required to act, were the record of the mortgage and the certificate of satisfaction. He had no right or authority to inquire into, or take cognizance of, any facts not appearing from those two papers. It is undoubtedly well settled, as is contended by the counsel for the relator, that executors are considered but one person in law,

and the acts of one, in relation to the personal property of the testator, are deemed the acts of all; and that a certificate of satisfaction made by one of several executors is sufficient to discharge of record a mortgage made to their testator. (*Wheeler* v. *Wheeler,* 9 *Cowen,* 34. *Stuyvesant* v. *Hall,* 2 *Barb. Ch. R.* 151.) It has also been held by the court of last resort in this state, that one of two executors can make a valid assignment of a mortgage executed to them as executors, to secure part of the consideration for the land in the mortgage described, which land was of the testator, and was sold by said executors pursuant to the provisions of, and authority given by, the will. (*Bogert* v. *Hertell,* 4 *Hill,* 492.) In the last mentioned case, all the facts were, in due form, presented, by pleadings and proofs, to the court, which was thereupon required to determine a question of right between the parties then before it; and if, upon all the facts recited in this alternative mandamus, duly presented and proved, it was to be determined by the court as between parties properly before it, whether or not the executor, who signed and acknowledged the certificate of satisfaction now in question, had power to receive payment of and discharge this mortgage made to him and his co-executors, the last mentioned case would be authority for an affirmative decision.

But such is not the aspect of the case now before me. The relator made the mortgage in question, and is interested in procuring it to be discharged. The respondent is a public officer, bound to perform the duty imposed on him by law, and, it is to be presumed, willing to perform it properly. Upon a certificate purporting to have been executed and acknowledged by one of three mortgagees, described as executors, he is requested to discharge a mortgage made to them. Neither the record of the mortgage nor the certificate shows for what purpose the mortgagees received or held the mortgage; whether for their own benefit, or as trustees upon an express trust created by the will of the testator, or for any other purpose. From the record it appears, that the mortgage was

The People v. Miner.

made to secure part of the purchase money for the premises therein described, then conveyed by the mortgagees to the relator; but of any other facts in relation to the origin of the mortgage, or the purpose for which it was made, or the persons interested therein, the respondent, as a public officer, had and could have no information upon which in discharging his duty as such officer he could act. He is presumed to have known, as matter of law, that if the mortgage was part of the personal property belonging to the estate of the testator, held by the mortgagees as executors only, then one of said mortgagees had power to discharge it of record; but if the words "executors &c." following the names of the mortgagees in the mortgage were only words of description, and said mortgagees owned and held said mortgage as tenants in common of a chattel for their own personal benefit; or if they held the same upon an express trust to be executed by the three, in either of such cases the certificate of one would not authorize the satisfaction of the mortgage upon the record. Without the authority of any judicial decision of the question by any court, this, as is shown by the return to the alternative mandamus, has been the construction given to the law, and the practice, in the register's office in this city for the last thirty years. In the recent case of *Peck* v. *Mallams*, (6 *Selden*, [10 *N. Y. Rep.*] 509,) it was held that a mortgage made to "*T. B. acting executor of the estate of T. T. deceased*," was prima facie the private property of T. B. in his own right, and the words "acting executor, &c." were only words of description.

In my opinion the register properly refused to satisfy the mortgage in question, upon the certificate, which was presented to him, and is entitled to judgment on the demurrer to his return to this alternative mandamus. The question is important, and will, I presume, be carried to the general term, for further consideration.

[NEW YORK SPECIAL TERM, October 27, 1860. *Bonney*, Justice.]